## 11203

### BANKHEAD v. INSURANCE CO. OF N. A.

#### (117 S. E., 355)

1. APPEAL AND ERROR—INTRODUCTION BY INSURED OF PROOFS OF LOSS HELD NOT PREJUDICIAL ERROR.—In an action on a fire insurance policy, the introduction in evidence of the proofs of loss *held* not prejudicial error.

2. INSURANCE—WHETHER AGENT HAD KNOWLEDGE THAT HOUSE WAS COVERED BY OTHER INSURANCE, AND WHETHER THAT CONSTITUTED A WAIVER, HELD FOR JURY.—Whether agent accepted premiums with knowledge that the house was covered by other insurance in violation of the policy, and whether that constituted a waiver, *held* for the jury.

Before BOWMAN, J., Chester, April, 1922.   Affirmed.

Action by J. Walter Bankhead against Insurance Company of North America.   Judgment for plaintiff and defendant appeals.

*Mr. Wm. Anderson Clarkson,* for appellant, cites: *Provision as to additional insurance binding:* 83 S. C., 262; 100 S. C., 47; 106 S. C., 467.   *Judge should have construed policy contract:* 81 S. C., 229; 103 S. C., 500.   *Defendant liable only for its pro rata part of loss:* 1 Civ. Code 1912, Sec. 2718; 100 S. C., 50; 57 S. C., 366.

*Messrs. Gaston & Hamilton,* for respondent, cite: *Denial of liability precludes necessity of proof of loss:* 115 S. C., 58.   *Waiver:* 102 S. C., 155; 68 S. C., 390.

April 30, 1923.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

J. Walter Bankhead bought a house and lot in Rock Hill from Mrs. Steele.   At the time of the purchase the house was insured, and the insurance policies were assigned to Mr. Bankhead.   The house burned, and this is an action on one of the policies of insurance.   At the time of the fire the building was covered by a renewal of the Steele

policy. The judgment was for the plaintiff, and the defendant appeals.

I. The first question is as to the introduction in evidence of the proofs of loss. There was evidence from which the jury might have inferred that the company had denied liability within the time allowed. No prejudicial error was shown any way, and this objection cannot be sustained.

II. The next question is that the house was covered by other insurance in violation of the terms of the policy, which rendered it void. Mr. Bankhead did not see the policy until after the fire. He testified:

"I live at Lowryville, Chester County, and am the plaintiff in this action. I own a house and lot in Rick Hill. The house was burned up on the 18th of January, 1922. I had it insured in four different companies for 5,600.00. Policy No. 071312 of the Insurance Company of North America for $1,400.00, dated February 6, 1921, expiring February 6, 1922, was offered in evidence and marked Exhibit A. I paid the premium, $13.44, to Mr. Moore, agent for this company at Rock Hill. This policy was a renewal of policy No. 071227 in the Insurance Company of North America for $1,400.00, written in the name of Mrs. Steele, dated February 6, 1920, it having been transferred to me on June 25, 1920, by consent of the company when I bought the property covered by said policy. I bought the property through Mr. Fewell, who had the other insurance which amounted to $4,200.00."

"Q. Do you recall the circumstances under which you paid the premium, or anything about having paid the premium on this policy on which you are suing now? A. Yes, sir; the last premium I paid. I was in Rock Hill. I went to Mr. Moore's office and paid the premium. I paid him that check.

"Q. Did any conversation take place between you and Mr. Moore about the insurance you had on the building?

A. Yes, sir.

"Q. What was the conversation? A. We had quite a conversation.

"Q. What took place in regard to this insurance between you and Mr. Moore? A. I went in the office and told him I wanted to pay the premium on the insurance.

"Q. Had he sent you the policy? A. No, sir; not at that time. I had it renewed, and he had sent me statement; he had not sent me the old policy.

"Q. What was said? A. Among other things—we were talking about different things—I said 'This is a pretty hard time to pay premiums on insurance; it was heavy.' He said, 'Well, it was a protection in case of fire.' I told him I had $4,200.00 with Mr. Fewell and $1,400.00 with him; and he said it was a protection in case of fire."

This notice was denied, but that made a question for the jury. If the agent knew of the other insurance and its amount, and the company took and retained the premium, then the jury could have found waiver. This assignment of error cannot be sustained.

III. The next assignment of error is that the presiding Judge did not construe the policy, which was the contract. His Honor did construe the policy of insurance, under requests to charge by the appellant. This assignment of error cannot be sustained.

The next assignment of error contained in exceptions 6, 7, and 8 are treated by appellant as covered by exception No. 2, and need not be separately considered, except to say that there is no evidence to show that Mr. Bankhead ever knew of or assented to a valuation of $2,800.00. There is evidence to show that the policy in question was issued with full notice to the agent of the appellant, and on his insistence, and no knowledge by the insured of any valuation.

IV. Exceptions 9 and 12 are argued together, and complain of error in not charging that there was an agreed

valuation of $2,800.00. What has already been said disposes of this question.

This applies to the remaining exceptions.

The judgment appealed from is affirmed.